# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SPENCER PIERCE,
    #61639

    Plaintiff,

vs.

HOWARD SKOLNIK, *et al.*,

    Defendants.

3:10-cv-00464-HDM-VPC

**ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Ely State Prison ("ESP"), states that he is an Iowa inmate, in Nevada "by way of interstate compact." He has sued Nevada Department of Corrections ("NDOC") Director Howard Skolnik, program officer Paula G. Miller, ESP warden E.K. McDaniel and several Iowa Department of Corrections defendants. Plaintiff claims that defendants have violated his Fourteenth Amendment due process rights with respect to his eligibility for parole in Iowa, and have violated his constitutional right to access to the courts by not providing access to Iowa legal materials at ESP.

First, plaintiff has named three defendants at the Iowa Department of Corrections for violating his due process rights in connection to his Iowa parole. However, the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the Iowa Department of Corrections defendants reside in Iowa, and their alleged actions or omissions giving rise to plaintiff's claims occurred in Iowa. Accordingly, plaintiff's Fourteenth Amendment claims against the Iowa defendants and Paula G. Miller and E.K. McDaniel are dismissed without prejudice for lack of proper venue. Defendants John Baldwin, Director of DOC II, James Brown, Elizabeth Robinson, Paula G.

3

Miller and E.K. McDaniel are dismissed from this action.

Next, plaintiff claims that he has been denied any access to Iowa legal materials, including the local rules of civil procedure. He cites several specific filings that he has been unable to complete, and alleges that he has written to Howard Skolnik about the lack of access without result. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356-57. Prison officials may select the best method to ensure that prisoners will have the capability to file suit. *See id.* at 356. Prisons "might replace libraries with some minimal access to legal advice and a system of court-provided forms . . . that asked the inmates to provide only the facts and not to attempt any legal analysis." *Id*. at 352.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the

product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, *habeas corpus* proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3 & 354-55; *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim."); *Madrid*, 190 F.3d at 995. Plaintiff states a claim for violation of his right of access to the courts against defendant Skolnik.

### III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Spencer Pierce, **Inmate No. 61639** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall file the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claim is **DISMISSED** without prejudice for lack of proper venue.

**IT IS FURTHER ORDERED** that defendants John Baldwin, Director of DOC II, James Brown, Elizabeth Robinson, Paula G. Miller and E.K. McDaniel are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's access to courts claim against defendant Skolnik **MAY PROCEED**.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or,

6

if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 16th day of November, 2010.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| _____, ) | Case No. _____ |
|---|---|
| Plaintiff,                ) | |
|                           ) | |
| v.                        ) | **NOTICE OF INTENT TO** |
|                           ) | **PROCEED WITH MEDIATION** |
| _____   ) | |
|                           ) | |
| _____   ) | |
| Defendants.               ) | |

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes   ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____
_____
_____
_____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).
_____
_____
_____

8

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document