UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SPENCER PIERCE ) | |
| ) | |
| Plaintiff, ) | 3:10-cv-00464-HDM-VPC |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| HOWARD SKOLNIK, ) | |
| ) | June 19, 2012 |
| Defendant. ) | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for summary judgment (#36).[1] Plaintiff opposed (#46) and defendant replied (#47). The court has thoroughly reviewed the record and recommends that defendant's motion for summary judgment (#36) be granted.

**I.  HISTORY & PROCEDURAL BACKGROUND**

At all relevant times, Spencer Pierce ("plaintiff"), a *pro se* inmate, was incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#31). Plaintiff is an Iowa inmate who resided at ESP in Nevada by way of an interstate compact agreement (#4, #36, p. 0003). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Fourteenth Amendment rights with respect to plaintiff's eligibility for parole in Iowa, and that defendants violated plaintiff's First Amendment right to access to the courts by not providing access to Iowa law at ESP (#4). The court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and allowed only plaintiff's First Amendment access to the courts claim to proceed

---

[1]  Refers to the court's docket numbers.

against former NDOC Director Howard Skolnik ("defendant") (#3).

In count II of his complaint, plaintiff alleges that defendant Skolnik denied him access to Iowa law, including Iowa Rules of Civil Procedure (#4, p. 10). Plaintiff cites several court cases and argues that he was unsuccessful in these cases due to a lack of access to Iowa law. *Id.* at 10-12. Plaintiff states that he informed defendant Skolnik about the lack of access to Iowa law without result and argues that defendant Skolnik allows Administrative Regulation ("AR") 722 to continue, which states that prison officials are not permitted to give out-of-state inmates law from the sending state unless the sending state provides NDOC with the law. *Id*. Plaintiff requests injunctive and compensatory relief. *Id*. However, plaintiff's request for injunctive relief is moot because plaintiff has been transferred to a different facility. As is evident from the court's docket, plaintiff's current address is in the State of Iowa (#42).

Plaintiff filed two administrative grievances in which he requested Iowa legal materials (#36, pp. 0249, 0266). In grievance 2007-24-2372, plaintiff complained about not having Iowa legal materials. *Id*. at 0266. Prison staff responded that pursuant to AR 722.01 § 1.12, NDOC "shall not supply out-of-state inmates housed within the Department with forms, documents or any legal materials from the sending state unless these materials are provided to the Department by the sending state." *Id*. at 0269. In grievance 2006-28-76549, plaintiff grieved the same issue, and prison staff replied that pursuant to the Interstate Compact Agreement, NDOC is not required to provide plaintiff with Iowa law. *Id*. at 0250. AR 722.01 § 1.12 provides that NDOC shall not supply out-of-state inmates with legal materials from the sending state unless the materials are provided to the Department by the sending state.

Plaintiff filed pleadings in six legal proceedings which defendant describes in detail in his motion. The court takes judicial notice of proceedings in other courts. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). In each of these proceedings, plaintiff filed a complaint and the court dismissed his complaint for various reasons, including lack of jurisdiction and a failure to exhaust administrative and judicial remedies (#36, pp. 454-56; 457-59; 460-64; 236-37; 204-215).

Defendant Skolnik moves for summary judgment on plaintiff's complaint (#36). Defendant argues that summary judgment should be granted for the followings reasons: (1) NDOC's policy regarding out-of-state inmates passes the *Turner* analysis; (2) plaintiff cannot prove a claim for denial of access to the courts because he cannot show that he sustained any "actual injury;" (3) the underlying actions for which plaintiff claims he was denied access to the courts are barred by the statute of limitations; (4) plaintiff did not exhaust his administrative remedies for the underlying claims; (5) defendant did not deny plaintiff access to the courts because plaintiff participated in the underlying actions at issue; (6) any "ongoing harm" or basis to provide injunctive relief is moot because plaintiff has been relocated back to Iowa; and (7) defendant's policy and conduct are entitled to qualified immunity. *Id*. at 2-3. Defendant attaches several exhibits in support of his motion.

Plaintiff opposes and largely reiterates his complaint in an affidavit (#46). Plaintiff argues that he can show "actual injury," that he exhausted administrative remedies, that he attempted to use the out-of-state legal assistance, and that defendant's conduct is not protected by qualified immunity. *Id*. Plaintiff attaches Iowa court orders dismissing cases he filed in Iowa. *Id*. at 4-10. Plaintiff also attaches responses to grievances he filed regarding his access to Iowa law. *Id*. at 11-12. Plaintiff states that the Iowa contract to assist out-of-state inmates did not begin until 2010. *Id*. at 3. Lastly, plaintiff attaches a letter from an attorney, Mr. Hansen, explaining to plaintiff that he cannot provide him with all the copies plaintiff requested. *Id*. at 13.

Defendant replies that plaintiff's opposition contains no legal arguments and does not cite to supporting evidence (#47, p. 2). Defendant argues that plaintiff fails to satisfy Federal Rule of Civil Procedure 56 because he does not cite to particular parts of the record. *Id*. at 4. Lastly, defendant contends that plaintiff cannot show he suffered actual injury, and does not prove that he exhausted administrative remedies. *Id*. at 4-5. Defendant objects to submission of the attorney letter attached to plaintiff's opposition because it is unauthenticated. *Id*. at 6.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

3

1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

A.   **Discussion**

  1.   **Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## B. Analysis

Plaintiff alleges that defendant Skolnik denied him access to the courts because plaintiff did not receive Iowa law while at ESP (#4, pp. 10-12). Plaintiff also asserts that defendant permits AR 722 to remain in effect. *Id.* at 12.

### 1. First Amendment Access to Court

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). However, the right of access to the courts is only a right to bring direct criminal appeals, a *habeas corpus* petition, or civil rights complaint. *See Lewis*, 518 U.S. at 354-55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). "[T]he [U.S.] Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a *habeas* or civil rights action." *Cornett*, 51 F.3d at 898-99 (discussing at length the U.S. Supreme Court's decisions in *Bounds* and *Wolff v. McDonnell*, 418 U.S. 539 (1974), in concluding that the right of access requires that the state provide assistance through the pleading stage only).

To establish a violation of the right to access the courts, a prisoner must establish that he or she suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis,* 518 U.S. at 348 (citation omitted); *see also Alvarez v. Hill,* 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a non-frivolous legal claim ha[s] been frustrated is fatal" to a claim for denial of access to courts) (citing *Lewis,* 518 U.S. at 353 n.4)). Actual injury is defined as actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim. *Id.* at 348 (citation and internal quotations omitted).

Here, plaintiff testified that defendant violated his right to access to the courts when he knew that plaintiff needed Iowa law and had not received such legal materials (#36, p. 0064). Additionally, plaintiff claims that defendant allows "AR 722 to continue," which plaintiff believes is unconstitutional. Defendant raises several arguments in support of his motion for summary

5

judgment. The court addresses whether defendant violated plaintiff's constitutional right to access to the courts by not providing plaintiff with Iowa law.

The Ninth Circuit addressed this exact issue in *Boyd v. Wood*, and held that it is the responsibility of the sending state to provide legal materials for prisoners who have been transferred out of the sending state. 52 F.3d 820, 821 (9th Cir. 1995); *see also Abernathy v. Cook*, No. 98-35613, 1999 WL 395125 (9th Cir. 1999); *Boyne v. Politis*, No. 95-15604, 1996 WL 441655 (9th Cir. 1996). The court explained that prison officials who send an inmate to a facility in another state pursuant to the Interstate Corrections Compact maintain responsibility for providing that inmate with state legal materials and that defendants in the receiving state did not violate inmates' right to access to the courts by not providing them with out-of-state law. *Id.* Accordingly, defendant Skolnik did not violate plaintiff's right to access to the courts by not providing him with Iowa law as it was not defendant's Skolnik's responsibility. Defendant Skolnik should be granted summary judgment on this ground.

**2. NDOC Policy**

AR 722 governs inmate access to the courts (#36, Ex. D, pp. 0389-0408). AR 722.01 § 1.12 provides that NDOC shall not supply out-of-state inmates with legal materials from the sending state unless the materials are provided to the Department by the sending state. *Id.* at p. 0395. Plaintiff alleges this policy violates his right to access the courts. Defendant contends that the NDOC policy is permissible because it is reasonably related to legitimate penological interests (#36, p. 14).

In *Turner v Safely*, the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest." 482 U.S. 78, 89 (1987). In determining the reasonableness of the regulation, the court must look at four factors: (1) whether there is a valid, rational connection between the regulation and legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) what is the impact accommodation of the asserted right on the guards and inmates, and on the allocation of prison resources generally; and (4) whether there are easy alternatives evidencing that hte regulation is an exaggerated response to prison concerns.

*Id.* at 89-91.

Defendant asserts that NDOC has a policy of not providing out-of-state inmates with legal materials from the sending state because: (1) it promotes the safety, security, discipline, and order of NDOC prisons; (2) promotes the ability of out-of-state inmates to obtain out-of-state legal materials from a reliable source; and (3) conserves NDOC's fiscal resources and improves its administrative efficiency (#36, p. 15). Defendant attaches Rex R. Reed's declaration which describes the penological interests advanced by AR 722. *Id*. at 0004.

The court now applies the *Turner* factors. First, the court finds that there is a legitimate relationship between the policy and ensuring that out-of-state inmates receive out-of-state law from a reliable source in order to adequately seek legal relief. There is also a relationship between the policy and conserving NDOC resources because there are many states participating in the Interstate Compact Agreement. Second, pursuant to NDOC policy, NDOC shall provide an out-of-state inmate with any legal materials sent from the sending state, which allows inmates to receive out-of-state materials. Additionally, Iowa provides attorneys for inmates (#36, p. 0127-28).[2] Thus, there is an alternative means of accessing Iowa law. Further, in grievance 2006-28-76549, NDOC informed plaintiff that he should contact James Brown, at the Iowa Classification Center and provided plaintiff with Mr. Brown's address (#36, p. 0250).[3] Third, the court gives deference to defendant's assertion that it would require NDOC fiscal and administrative resources to ensure that legal materials from many states are available to out-of-state inmates. Fourth, the court is not aware of a ready

---

[2] A federal court in Iowa granted summary judgment in favor of Iowa prison officials for a denial of access to courts claims filed by plaintiff because the court determined that plaintiff had adequate legal access through a contract attorney provided by the Iowa Department of Corrections (#36, pp. 0472-73).

[3] Plaintiff testified in his deposition that the Iowa Department of Corrections provided him with legal assistance through an attorney (#36, p. 0130). He contends that the attorney did not give him the materials he requested. *Id*. Plaintiff attaches to his opposition a letter which says that the attorney cannot provide him all the pages of information which plaintiff requested (#46, p. 13). However, the attorney did not state that he cannot assist him in other ways. The right to access to the courts requires a state to provide a law library *or* legal assistance during the pleading stage of an action. *Cornett*, 51 F.3d at 898. Accordingly, plaintiff had an alternative means to access the courts. Plaintiff's statement that the contract did not begin until 2010 is not admissible because he did not lay a foundation for his personal knowledge. Moreover, plaintiff admits that he received correspondence from an attorney in 2007 (#46, p. 3).

alternative. Accordingly, the court finds that the policy is reasonably related to legitimate governmental interests. The policy does not violate plaintiff's right to access the courts and is supported by Ninth Circuit precedent as discussed above.

### 3. Actual Injury

Even if it was NDOC's responsibility to provide plaintiff with Iowa law, plaintiff is unable to show that he suffered an actual injury. The Supreme Court limited the right to access to the courts to the pleading stage in cases involving prisoners' affirmative right to assistance. *See Lewis* 518 U.S. at 354. Here, plaintiff alleges a right to affirmative assistance.

To establish a violation of the right to access the courts, a prisoner must establish that he or she suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis,* 518 U.S. at 348 (citation omitted). As defendant notes, plaintiff is unable to prove that he suffered an actual injury (#36, p. 17). The right to legal assistance is limited to the pleading stage of a civil rights action. *See Cornett*, 51 F.3d at 898. The pleading stage encompasses a complaint, an answer, and reply to counterclaim or answer to a cross-claim. *Id*. at 899. An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that [f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials).

Defendant points to six cases that plaintiff litigated in Iowa and Nevada courts. Defendant presented evidence showing that plaintiff did not suffer an actual injury and plaintiff has not supplied the court with evidence that defendant's alleged misconduct prevented plaintiff from "presenting" claims in court. *Allen v. Sakai*, 48 F.3d 1082, 1091 (9th Cir. 1994). After *Lewis*, a prisoner must show that officials actually prevented him or her from taking some meritorious legal action. Plaintiff does not show that he was unable to file pleadings or to prepare any filings necessary "to rebut the State's arguments when a court determines that rebuttal would be of assistance." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). The court notes that of the six underlying cases plaintiff

8

litigated, the cases were dismissed for reasons such as a lack of jurisdiction, failure to comply with service requirements, and for a failure to exhaust administrative remedies (#36, pp. 204-215; 236-37; 454-56; 457-59; 460-64). Plaintiff actively litigated these six cases, belying his claim that defendant Skolnik interfered with his right to access the courts. Plaintiff's dissatisfaction with the result of his lawsuits is not sufficient to demonstrate an actual injury or denial of access to the courts.[4]

As plaintiff fails to show that he suffered an actual injury, such as the inability to file a claim or to meet a deadline, the court recommends that defendant's motion for summary judgment on plaintiff's access to court claim be granted on this ground as well. However, even if plaintiff could show an actual injury, defendant has shown that he was not responsible for providing plaintiff with out-of-state legal materials and that he acted pursuant to AR 722.

### 3.     Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1240 (9th Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "In considering a claim of qualified immunity, the court must determine 'whether the facts that plaintiff has alleged . . . make out a violation of a constitutional right,' and 'whether the right at issue was clearly established at the time of the defendant's alleged misconduct.'" *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)). Whether a right is clearly established turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* "[A]ll but the plainly incompetent or those who knowingly violate the law have immunity from suit; officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation." *Id.*

Here, as indicated above, defendant Skolnik did not violate plaintiff's constitutional rights.

---

[4] The court notes that in Case No. CV 6713, the Iowa District Court for Polk County dismissed plaintiff's action for failure to comply with service requirements (#46, p. 10; #36, p. 0459). However, prior to dismissing the case, that court informed plaintiff of his need to serve defendants. *Id*. Thus, plaintiff cannot show that defendant's act caused this alleged injury because the court's order prior to dismissal would have informed plaintiff of the service requirements.

9

Further, even if plaintiff did have a cognizable constitutional claim, any right that he had was not clearly established. The Ninth Circuit has held that an out-of-state inmate should receive legal materials from the sending state and that defendants in the receiving state are not responsible for providing an inmate with out-of-state law. *See Boyd*, 52 F.3d at 821. Therefore, plaintiff did not have a clearly established right to receive Iowa law from NDOC. Defendant's motion for summary judgement (#36) should be granted on this ground as well.[5]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendant's motion for summary judgment (#36) be **GRANTED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion for summary judgment (#36) be **GRANTED**.

**DATED**: June 19, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[5] As the court has determined that defendant is entitled to summary judgment, the court need not address defendant's additional arguments for granting summary judgment.